UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET, N.E.
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

EZEKIEL L. HILL
(202) 551-7724
HILLEZ@SEC.GOV

July 20, 2023

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 23-10046

Dear Mr. Cayce,

I write on behalf of appellee Securities and Exchange Commission in response to the notice of supplemental authority submitted by appellants in the above-referenced appeal on July 18, 2023.

Appellants submitted this Court's June 28, 2023 opinion in the related case of *SEC v. Barton*, No. 22-11132 (5th Cir.). In that opinion, this Court vacated the district court's order appointing a receiver over certain entities, including appellant entities, effective 90 days from the issuance of this Court's mandate. *SEC v. Barton*, No. 22-11132, 2023 WL 4231605 (5th Cir. June 28, 2023).

Appellants claim that the June 28, 2023 opinion "largely resolves" this appeal. But appellants appealed not from the district court's order appointing a receiver but from the district court's December 13, 2022 order identifying entities as already within the receivership. The June 28, 2023 opinion did not invalidate the district court's prior orders entered in the course of administering the receivership or even suggest that such a result should follow. For example, while the June 28, 2023 opinion suspended the receiver's power to sell or dispose of receivership property going forward, it specified that "[the] suspension does not apply to activities in furtherance of sales or dispositions of property that have already occurred or been approved by the district court." *Barton*, 2023 WL 4231605, at *6. Appellants also claim that the June 28, 2023 opinion "leaves no receivership in place over appellants." Not so – the receivership remains in place for 89 days following the issuance of this Court's mandate, which has not yet issued. *See Barton*, 2023 WL 4231605, at *6. Finally, the June 28, 2023 opinion does not remedy this appeal's fundamental defects, namely a lack of standing and a lack of jurisdiction. *See* Appellee's Br. 12-19.

Sincerely,

*<u>/s/ Ezekiel L. Hill</u>*
Ezekiel L. Hill

cc: Counsel of record (via ECF)