NORTON ROSE FULBRIGHT

Norton Rose Fulbright US LLP
799 9th Street NW
Suite 1000
Washington, DC 20001-4501
United States

Direct line +1 202 662 0460
david.kearns@nortonrosefulbright.com

Tel +1 202 662 0200
Fax +1 202 662 4643
nortonrosefulbright.com

December 11, 2023

**FILED VIA ECF**

Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Re: *SEC v. Barton*, No. 23-10046

Dear Mr. Cayce:

Intervenor-Appellants Gillespie Villas, L.L.C., MXBA, L.L.C., TC Hall, L.L.C., Titan 2022 Investment, L.L.C., Titan Investments, L.L.C., TRTX Properties, L.L.C., Venus59, L.L.C. (the "Max Barton Entities") and Maximilien Barton ("Max Barton," together with Max Barton Entities "Appellants") respond to the Court's December 1 Directive requesting supplemental letter briefing to address the effects on this appeal of a set of orders issued by the district court on November 29, 2023. Broadly, those orders created a new receivership covering most of the Max Barton Entities (along with many others) and subjected the remaining Max Barton Entities to a preliminary injunction freezing their assets. The Court specifically requested briefing as to whether those orders moot this appeal and asked the parties to identify whether any of the Max Barton entities are no longer covered by any receivership.[1]

As explained below, the Court's decision in *SEC v. Barton*, No. 22-11132, 79 F.4th 573 (5th Cir. 2023), *as modified on denial of reh'g* (Aug. 31, 2023) ("*Tim Barton*"), has not only determined the central merits issue Appellants raised in this appeal but has also provided all of the relief Appellants have requested. And while the district court's new orders do affect Appellants, those orders are not before the Court in this appeal and can be separately appealed in due course.

[1] All but two of the Max Barton entities (MXBA, L.L.C. and TRTX Properties, L.L.C.) are subject to the new Receivership. D. Ct. ECF No. 417, at 4-5. Those two entities are subject to a separate preliminary injunction freezing all of their assets. D. Ct. ECF No. 418, at 10-11.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

That means the only remaining issue is the SEC's contention that this appeal was not justiciable in the first place. But because this appeal is moot, any decision on other grounds for justiciability would have no effect of any kind and would therefore be an impermissible advisory opinion. Accordingly, Appellants respectfully submit that this appeal should be dismissed as moot.

**BACKGROUND**

This appeal arises from a case brought by the SEC alleging that a number of other parties—including Timothy Barton (Max Barton's father) and several of Tim Barton's companies, among others—defrauded foreign lenders who sought to fund land development projects. *See* Op. Br. 6. The SEC filed a criminal action as well as this civil action, and soon it sought to install a receiver over essentially all assets that Tim Barton owned or controlled. *Id.* at 6-8. The district court entered an initial order creating the receivership at issue in this appeal (the "Original Receivership"), and the Receiver later moved to expand his authority to include multiple additional entities including some that, like Appellants here, are not named as defendants and are not accused of any wrongdoing. *Id.* at 8-10. Appellants intervened to oppose that expansion, but the district court granted the motion and entered an order extending the Original Receivership to cover the Max Barton Entities. *Id.* at 10-13.

Appellants then noticed an interlocutory appeal seeking to challenge that order. *Id.* at 13. On appeal, they argued primarily that the district court could not subject the Max Barton Entities to the Original Receivership without requiring any showing that they received funds traceable to the underlying fraud alleged by the SEC. *Id.* at 14-28.

Meanwhile, Tim Barton had already appealed the order creating the Original Receivership. The Court issued its opinion in *Tim Barton* after this appeal was fully briefed. The Court not only held that the district court was required to engage in the funds-tracing it had held was unnecessary but also vacated the Original Receivership, to take effect 90 days after the mandate issued. *See generally* 79 F.4th 573. Once the case returned to the district court, the SEC sought a new receivership, which the district court granted on November 29, the same day the Original Receivership was vacated. *See* D. Ct. ECF Nos. 416, 417. Simultaneously, the district court entered other orders "blessing" the Receiver's actions under the now-vacated Original Receivership and preliminarily enjoining

entities not subject to the new receivership from disposing of any of their assets. *See* D. Ct. ECF Nos. 418, 419.

Accordingly, at this time the Original Receivership—the one challenged in this appeal—has been vacated, and a new receivership has been put in place over most of the Max Barton Entities. *See supra* note 1.

## DISCUSSION

Mootness is a "threshold jurisdictional inquiry." *DeOtte v. State*, 20 F.4th 1055, 1064 (5th Cir. 2021) (quotation omitted). Mootness arises where "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Id.* (quotation omitted). And like other jurisdictional issues, mootness must be addressed prior to reaching merits issues. *Id.*

Relevant here, an appeal may become moot if its result is achieved in another proceeding. That was the result in *DeOtte*, in which plaintiffs sought to enjoin certain regulations, which relief the district court granted. *Id.* at 1063. By the time the government's appeal came to this Court, however, the underlying issue was ripe for adjudication in a different case before the Supreme Court, which eventually decided the issue in in the appellee's favor. *Id.* That meant the appeal before this Court had become moot: because the plaintiffs to the case had "through [the Supreme Court's] decision[,] received the relief they sought," it had become "impossible" for this Court to grant them any relief. *Id.* at 1064. In effect, the "Supreme Court ha[d] done the work" already, so "no appeal to [the Fifth Circuit could] change that."[2]

Moreover, an interlocutory appeal may become moot even if additional issues remain contested in a district court. *See U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666 (5th Cir. 2023). In *Navy SEALs*, servicemembers sought to enjoin a federal vaccine mandate and managed to preliminarily enjoin its operation. *Id.* at

---

[2] In *DeOtte*, this Court also considered whether to vacate the order it was reviewing in light of mootness, which turned on whether the appeal had been properly been brought by a non-party whose intervention motion had been denied. *Id.* at 1064-71. That discussion is irrelevant here for multiple reasons, however, not least because the Original Receivership has ***already been*** vacated by *Tim Barton*.

670-71. The Navy filed an interlocutory appeal to this Court, but a new federal statute prohibited the challenged mandate before the appeal concluded. *Id.* at 671. In finding the appeal moot, the Court noted that any issues the servicemembers still sought to litigate could "be litigated in the district court and appealed after a final judgment." *Id.* at 675. As the Court explained, "[t]he mootness of th[e] interlocutory appeal d[id] not prevent the district court" from continuing to adjudicate other issues remaining in the case. *Id.*

Under these principles, this appeal is now moot. Appellants sought to challenge the order extending the Original Receivership to cover the Max Barton Entities. *E.g.*, Op. Br. 13-14. Appellants had intervened in the district court to oppose such an extension, and they filed this interlocutory appeal in order to challenge that order, thereby leaving them free of the Original Receivership. *Id.* at 10-13, 28. At the same time, however, defendants had also appealed the underlying Receivership order, which this Court vacated in a published opinion. *Tim Barton*, 79 F.4th at 581-82.

That vacatur leaves nothing further for this Court to do in this appeal. *Tim Barton* has "done the work that [Appellants] wanted [this Court] to do," so there is no longer any controversy here. *See DeOtte*, 20 F.4th at 1064; *see also* Reply Br. 3-4 n.4 (noting that a "vacatur or reversal in the Tim Barton appeal would necessarily entail at least the same relief here…"). And while Appellants certainly object to the ***new*** receivership order the district court entered, that order, for better or worse, is not before the Court at this time; Appellants are litigating in the district court and may appeal in due course. *See Navy SEALs*, 72 F.4th at 675.

The SEC appears not to disagree. Although it took issue with Appellants' assertion that *Tim Barton* effectively disposits this appeal, most of the issues the SEC raised then have since been resolved. *See* SEC 28(j) Resp. (July 20, 2023). The SEC quibbled with Appellants' assertion that *Tim Barton* had vacated the receivership at issue in this appeal, but only on the ground that that vacatur had not yet taken effect. *See id.* (arguing that the original Receivership would "remain[] in place for 89 days following the issuance of this Court's mandate"). Now that it ***has*** taken effect, the SEC's objection is no longer relevant.

The SEC also claimed that orders entered throughout the original Receivership may still be in contention. *See id.* (arguing that *Tim Barton* "did not invalidate the district court's prior orders entered in the course of administering the receivership"). But the district court has now addressed that issue as well. *See*

NORTON ROSE FULBRIGHT

*generally* D. Ct. ECF No. 419 (granting in part Receiver's "Motion to Approve, Ratify, Adopt, and Otherwise 'Bless'" the Receiver's actions taken before vacatur took effect). And while Appellants take issue with many of these developments, none is before the Court in this appeal. *See Navy SEALs*, 72 F.4th at 675.

That leaves only the question of the Court's capacity to hear this appeal in the first place. While Appellants continue to assert that they had standing to challenge the order expanding the Original Receivership to cover them, that that order was immediately appealable, and that any other result would encourage abuse through vague receivership orders that are later "clarified" to include additional parties past the time they could appeal, *see* Op. Br. 3-5; Reply Br. 4, 12-24, those questions are now unquestionably academic. The Court lacks subject matter jurisdiction over this appeal for the simple reason that it is moot. The Court therefore need not decide any other justiciability issues. *See Gorgonzola v. Dir. United States Off. of Pers. Mgmt.*, 782 F. App'x 207, 212-13 & n.5 (3d Cir. 2019) (dismissing interlocutory appeal of two orders as moot, and therefore declining to decide whether they were covered by 28 U.S.C. § 1292(a)(1)).

**CONCLUSION**

For the foregoing reasons, the Court should dismiss this appeal as moot.

Respectfully submitted,

/s/ David T. Kearns

*Counsel for Intervenor-Appellants Gillespie Villas, L.L.C., MXBA, L.L.C., TC Hall, L.L.C., Titan 2022 Investment, L.L.C., Titan Investments, L.L.C., TRTX Properties, L.L.C., Venus59, L.L.C., and Maximilien Barton*

# CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2023, I electronically filed the foregoing document using the Court's CM/ECF system which served the document on counsel for all parties to this appeal:

Ezekiel L. Hill
U.S. Securities & Exchange Commission
Office of General Counsel
100 F Street NW
Washington, DC 20549
202-551-7724
hillez@sec.gov

Counsel for U.S. Securities & Exchange Commission

*s/ David T. Kearns*
Counsel for Interested-Party
Appellants and Appellants

# CERTIFICATE OF COMPLIANCE

This document complies with the length limits imposed by the Court's December 1, 2023 Directive because it is less than ten pages in length. This document complies with Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman typeface.

Dated: December 11, 2023

*s/ David T. Kearns*
Counsel for Interested-Party
Appellants and Appellants