UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET, N.E.
WASHINGTON, D.C. 20549

OFFICE OF THE
GENERAL COUNSEL

EZEKIEL L. HILL
(202) 551-7724
HILLEZ@SEC.GOV

December 18, 2023

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

*Via ECF*

Re: *SEC v. Barton*, No. 23-10046

Dear Mr. Cayce,

Appellee Securities and Exchange Commission submits this letter in response to the Court's December 1, 2023 request for "supplemental letter[] briefs addressing the orders entered by the district court on November 29, 2023[,] including, but not limited to whether those orders moot the instant appeal in any way," and addressing "whether any entities at issue in the instant appeal that were previously subject to the original and supplemental order appointing a receiver (Dkt. No. 88) no longer fall within the district's court latest order appointing a receiver (Dkt. No. 417)." App. Dkt. 46. The Commission agrees with appellants that this appeal is moot.

## BACKGROUND

The Commission filed this civil enforcement action against Timothy Barton and others, alleging that they defrauded more than 100 investors out of more than $26 million, and moved the district court to appoint a receiver for all Timothy Barton-controlled entities. ROA.22, 116. The district court granted the motion, appointing a receiver for specified Timothy Barton-controlled entities as well as

"any other entities that … Timothy Barton directly or indirectly controls." ROA.602 ("First Receivership Order").

Once appointed, the receiver moved the district court to specifically identify certain entities as included in the receivership, explaining that such identification would "provide needed clarity for creditors, banks, courts, and others." ROA.701. The district court issued an order specifically identifying certain entities as included in the receivership pursuant to the First Receivership Order, among them appellants Gillespie Villas LLC ("Gillespie"); MXBA LLC ("MXBA"); TC Hall, LLC ("TC Hall"); Titan 2022 Investment, LLC ("Titan 2022"); Titan Investments LLC ("Titan"); TRTX Properties LLC ("TRTX"); and Venus59 LLC ("Venus59"). ROA.2601 ("Identification Order"). On January 12, 2023, those entities and Timothy Barton's son, Maximilien Barton, filed a notice of appeal from the Identification Order. ROA.3053. On appeal, appellants argue that the appellant entities should not have been included in the receivership and ask the Court to "reverse" the Identification Order. App. Dkt. 17, 22. The Commission argues that the appeal should be dismissed for lack of standing and lack of jurisdiction and that, in any event, the district court did not abuse its discretion in identifying the appellant entities in the Identification Order. App. Dkt. 21.

In a separate appeal by Timothy Barton (No. 22-11132), the Court vacated the First Receivership Order. *SEC v. Barton,* 79 F.4th 573 (5th Cir. 2023). Before that vacatur took effect, the Commission moved the district court to appoint a receiver over certain Timothy Barton-controlled entities and to enter a preliminary injunction enjoining Timothy Barton (and those in active concert or participation with him) from dissipating assets of entities he controlled that were not included in that receivership. Dkt. 309. On November 29, 2023, the district court appointed a receiver over certain Timothy Barton-controlled entities, including appellants Gillespie, TC Hall, Titan 2022, Titan,[1] and Venus59, and entered a preliminary injunction freezing the assets of the other Timothy Barton-controlled entities, including appellants MXBA and TRTX. Dkt. 417 ("Second Receivership Order"); Dkt. 418 ("Preliminary Injunction Order").

[1] The district court order identified Titan 2022 and Titan as the same entity: "Titan Investments, LLC a/k/a Titan 2022 Investments, LLC." Dkt. 417 at 5.

## RESPONSE TO THE COURT'S REQUEST

1. This appeal is moot because "it is impossible for [the Court] to grant any effectual relief whatever to the prevailing party." *U.S. Navy SEALs 1-26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (cleaned up). Appellants appealed from the Identification Order, which identified entities included in the prior receivership pursuant to the First Receivership Order. Because the First Receivership Order has been vacated and the prior receivership no longer exists, there is no effectual relief that could be granted appellants with respect to the Identification Order. Appellants agree. *See* App. Dkt. 50 at 4 ("[T]his appeal is now moot."). And to the extent the Court disagrees, this appeal nonetheless be dismissed for lack of standing and lack of jurisdiction. App. Dkt. 21.

2. The appellant entities are Gillespie, MXBA, TC Hall, Titan 2022, Titan, TRTX, and Venus59. Pursuant to the First Receivership Order, all appellant entities were included in the prior receivership. Pursuant to Second Receivership Order, Gillespie, TC Hall, Titan 2022, Titan, and Venus59 LLC are included in the current receivership. MXBA and TRTX are not included in the current receivership but are subject to an asset freeze under the Preliminary Injunction Order. Appellants agree. *See* App. Dkt. 50 at 1 n.1.

Sincerely,

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

cc: Counsel of record (via ECF)