# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 3, 2024
Lyle W. Cayce
Clerk

No. 23-10046

Securities and Exchange Commission,

*Plaintiff—Appellee*,

*versus*

Timothy Barton; Et al.,

*Defendants*,

Maximilien Barton; Gillespie Villas, L.L.C.; Venus59, L.L.C.; TRTX Properties, L.L.C.; MXBA, L.L.C.; Titan Investments, L.L.C.,

*Interested Parties—Appellants*,

TC Hall, L.L.C.; Titan 2022 Investment, L.L.C.,

*Appellants*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

Before Stewart, Dennis, and Wilson, *Circuit Judges*.

Per Curiam:*

This dispute stems from the SEC's ongoing civil enforcement action against Timothy Barton and others for alleged fraud. The district court appointed a receiver over "entities that . . . Timothy Barton directly or indirectly controls." The receiver's control extended to entities purportedly controlled by Timothy Barton's son Maximilien Barton via an identification order entered by the district court. Maximilien Barton brought this appeal challenging the scope of the receivership as to those entities.

While this appeal was pending, this court vacated the district court's receivership order in a separate appeal filed by Timothy Barton. *See SEC v. Barton*, 79 F.4th 576, 581–82 (5th Cir. 2023). The vacatur was to take effect 90 days from the date of the mandate's issuance. *Id.* On November 29, 2023—the day the vacatur was to take effect—the district court entered a series of orders, including a new receivership order. Relevant to this appeal, the new receivership order retained the Maximilien Barton entities under the receiver's control.

Given the district court's new receivership order, we asked the parties for supplemental briefing as to the November 29 orders' effect on this case. The parties assert that the instant appeal is moot because it is impossible for this court to grant "any effectual relief" to the prevailing party. *U.S. Navy SEALs 1–26 v. Biden*, 72 F.4th 666, 672 (5th Cir. 2023) (citation omitted). We agree. Because the subject of the appeal—the now-vacated receivership order—no longer exists, there is no effectual relief that could be granted to Appellants. Therefore, this appeal is DISMISSED AS MOOT.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.